E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **COURTNEY SAUNDERS,** | **Case No.   LACL144718** |
| **Plaintiff,** | |
| **vs.** | |
| **KYLE THIES, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; CLINT DEE, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; DANA WINGERT, individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department; CITY OF DES MOINES, IOWA,** | **PETITION AT LAW and JURY DEMAND** |
| **Defendants.** | |

**COME NOW** the Plaintiff, Courtney Saunders, by and through the undersigned counsel, and for his causes of action, respectfully states the following:

### PARTIES

1.      Plaintiff Courtney Saunders is a United States citizen and was a resident of Des Moines, Polk County, Iowa at all times relevant to the events complained of herein.

2.      Defendant Kyle Thies is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines, Iowa Police Department at all times relevant to the events complained of herein.

3.      Defendant Clint Dee is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines, Iowa Police Department at all times relevant to the events complained of herein.

4.      Defendant Dana Wingert is believed to be a citizen and resident of Iowa and at all times relevant to the events complained of herein, was employed as the Chief of Police of the City of Des Moines Police Department.

5.      Defendant City of Des Moines, Iowa is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 400 East First Street, Des Moines, Polk County, Iowa. Defendant City is responsible for maintaining and operating the Des Moines Police Department.

## JURISDICTION AND VENUE

6.      Venue is proper in the District Court for Polk County pursuant to Iowa Code § 616.17 as the district in which some of the defendants actually reside.

7.      Subject matter jurisdiction of the District Court for Polk County is proper pursuant to Iowa Code § 602.6101.

8.      The amount in controversy exceeds the jurisdictional amount.

## GENERAL FACTUAL ALLEGATIONS

9.      All events complained of herein occurred in Polk County, Iowa.

10.      On July 8, 2018, Defendants Thies and Dee were on duty for the Des Moines Police Department in Des Moines, Iowa.

11.      That day, Defendant Thies was driving a Des Moines Police transport van and Defendant Dee was riding with him in the passenger seat.

12.      Also, on July 8, 2018 around 12:45am, Mr. Saunders was driving a four-door sedan northbound on 19th Street, Des Moines.

13.      Mr. Saunders is an African-American man. He wore his hair in a long dreadlocked style on July 8, 2018.

2

E-FILED  2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

14.     At approximately 12:45am on July 8, 2018, Defendants Thies and Dee began following Mr. Saunders somewhere around the intersection of 19th Street and Clark Street.

15.     Defendants Thies and Dee pulled up next to Mr. Saunders in the right-hand lane of traffic as Mr. Saunders, in the left-hand lane, reached his turn onto Mondamin Avenue.

16.     Mr. Saunders signaled his turn and make the turn at a safe, normal speed. Mr. Saunders obeyed all traffic laws.

17.     Defendant Thies abruptly braked in order to cross the left-hand lane of traffic and follow Mr. Saunders through his turn.

18.     Defendant Thies explained that the way Mr. Saunders turned "didn't feel right."

19.     Mr. Saunders executed his turn onto the one-way Martin Luther King Jr. Parkway, then turned right onto Mondamin Avenue.

20.     Mr. Saunders' brother lives on Mondamin Avenue and Mr. Saunders was taking his sick niece home to her mother.

21.     Defendants Thies and Dee followed Mr. Saunders as he turned right on to Mondamin Avenue.

22.     Mr. Saunders pulled up next to the curb by his brother's home.

23.     Defendant Thies parked the transport van in the middle of the road behind Mr. Saunders.

24.     Defendant Thies and Defendant Dee exited the van and approached Mr. Saunders on either side of his vehicle with flashlights.

25.    In submission to the approaching police presence, Mr. Saunders placed his vehicle in park instead of backing up and parking directly in front of his brother's home as he had originally intended.

26.    Neither Defendant Thies nor Defendant Dee contacted dispatch to report the stop.

27.    Neither Defendant Thies nor Defendant Dee told Mr. Saunders why they were approaching him.

28.    Defendant Thies asked, "Are you home?"

29.    Mr. Saunders responded that he did not live there and asked, "Is there a problem?"

30.    Defendant Thies did not identify any problem. Instead, Defendant Thies responded, "What do you mean? Like, is there anything wrong, with what's going on right now? Is that what you're saying?"

31.    Defendant Thies waited next to the car without saying anything else.

32.    Defendant Thies then shined his flashlight into Mr. Saunders' backseat.

33.    This caused Mr. Saunders to again ask if there was a problem.

34.    Defendant Thies informed Mr. Saunders that he was parked next to a fire hydrant, there was an unsecured child in the back seat of the vehicle, and there was an unsealed bottle of liquor on the floor of the backseat passenger area.

35.    Defendant Thies stated, "I've now witnessed infractions and I'm asking for your driver's license."

36.    Mr. Saunders provided his identification and gun permit and alerted Defendant Thies that he had a gun in the car.

4

37.     As soon as Mr. Saunders provided his gun permit, Defendant Thies asked if Mr. Saunders had been drinking.

38.     Mr. Saunders' eyes were not bloodshot. His speech was not slurred and his behavior was not erratic. He exhibited no indicators of impairment.

39.     Defendant Thies asked Mr. Saunders to exit the vehicle and frisked him.

40.     The girl in Mr. Saunders' backseat was six years old and is not required by law to be in a booster seat.

41.     Defendant Thies returned to his vehicle to run Mr. Saunders' information. Defendant Thies still did not contact dispatch to report the stop.

42.     When Defendant Thies returned, he attempted to initiate field sobriety tests. Mr. Saunders asked instead to take a PBT.

43.     Defendant Thies did not have a PBT machine in his vehicle, but he did not request a PBT at that time.

44.     Defendant Thies instead searched Mr. Saunders vehicle, including the front seat. No other evidence was found in Mr. Saunders' vehicle.

45.     Mr. Saunders did not give permission to search his car, nor did Defendants ask for his permission.

46.     Not until thirteen minutes into the stop did Defendant Thies notify dispatch of the stop.

47.     Defendant Thies requested a Preliminary Breath Test (PBT) machine at that time. Another officer arrived several minutes later with a PBT machine.

48.     Mr. Saunders blew zeros on the PBT.

49.    Defendant Thies issued Mr. Saunders a citation for an open container violation, in violation of Iowa Code § 321.284.

50.    Mr. Saunders was prosecuted for the open container violation in Polk County Case No. STA0850795.

51.    Mr. Saunders filed a Motion to Suppress on September 7, 2018.

52.    A joint trial and suppression hearing were held on October 25, 2018 and December 5, 2018.

53.    The Polk County Court "found the Defendant's testimony that he did not feel free to leave when the officers approached both sides of his vehicle credible" and concluded "a reasonable person in the Defendant's position would not feel free to leave."

54.    The Polk County Court "found Officer Dee's testimony as to why they followed [Mr. Saunders] and approached his vehicle vague and evasive."

55.    The Polk County Court "did not find Officer Thies' testimony credible and numerous times during his testimony the Court observed that he appeared to be smirking."

56.    The Polk County Court concluded, "Based upon the totality of the circumstances, as well as the officers' evasive, vague and incredible testimony, there are no specific and articulable facts from which the Court could conclude there was probable cause or a reasonable suspicion for the officers to stop the Defendant."

57.    The Polk County Court found that the interaction with Mr. Saunders violated his constitutional rights under the Fourth Amendment of the United States Constitution and article I, § 8 of the Iowa Constitution.

58.     Accordingly, on March 21, 2019, the Polk County Court entered an order granting Mr. Saunders' Motion to Suppress and finding him Not Guilty.

59.     On information and belief, Defendants Wingert and City of Des Moines, Iowa possess information establishing that Defendants Thies and Dee have a history of disproportionately detaining African-American individuals and charging them with criminal offenses.

60.     In 2016, 47% of the bookings completed by Defendant Thies were against African-American individuals.

61.     In 2017, 50% of the bookings completed by Defendant Thies were against African-American individuals, though African-Americans represent only 11% of the Des Moines population.

62.     In the first six months of 2018, 42% of the people booked into the Polk County Jail by Defendant Thies were African-American.

63.     In 2017, 15% of the bookings completed by Defendant Dee were against African-American individuals, though African-Americans represent only 11% of the Des Moines population.

64.     In the first six months of 2018, 22% of the people booked into the Polk County Jail by Defendant Dee were African-American.

65.     Upon information and belief, Defendant Wingert and City of Des Moines, Iowa have received multiple complaints from African-American individuals regarding Defendant Thies' actions while on patrol.

66.    Upon information and belief, Defendant Wingert and City of Des Moines, Iowa have received a complaint that Defendant Thies falsely accused an African-American man with having a weapon.

67.    Upon information and belief, Defendant Wingert and City of Des Moines, Iowa have received complaints that Defendant Thies falsely accused citizens of resisting being placed in handcuffs when they in fact were compliant with being placed in handcuffs.

68.    Upon information and belief, Defendant Wingert and City of Des Moines, Iowa have received a complaint that Defendant Thies wrongly seized $5,800 from an African-American, alleging that the money was from drug proceeds despite finding no drugs or evidence of drug distribution. The money was later returned to the citizen.

69.    Upon information and belief, Defendant Wingert and City of Des Moines, Iowa took no action against Defendant Thies based upon these complaints.

70.    Upon information and belief, Defendant Thies has a pattern of stopping African-American drivers without probable cause.

71.    Upon information and belief, Defendant Thies has a pattern of stopping African-American drivers based on pretextual reasons.

72.    Upon information and belief, 32% of the individuals booked into the Polk County Jail by Des Moines police officers in 2017 were African-American, though African-Americans represent only 11% of the Des Moines population.

73.    Upon information and belief, the percentage of African-American individuals booked into the Polk County Jail by Des Moines police was 30% in 2014; 30% in 2015;

and 31% in 2016, though African-Americans represented approximately 11% of the Des Moines population.

## CAUSES OF ACTION

### COUNT 1
### UNREASONABLE SEARCH & SEIZURE
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Against Defendants Thies and Dee, Individually)

74.    Plaintiff repleads paragraphs 1 through 73 as if fully set forth herein.

75.    Defendants Thies and Dee are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their individual capacities.

76.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

77.    On July 8, 2018, Defendants violated Mr. Saunders' clearly established federal constitutional rights by stopping Mr. Saunders' vehicle; seizing Mr. Saunders; and searching Mr. Saunders and his vehicle without reasonable suspicion or probable cause to do so.

78.    Defendants demonstrated a deliberate indifference to and reckless disregard of Mr. Saunders' civil and constitutional rights.

79.    Defendants' actions were willful, wanton, unlawful, and in gross disregard of Mr. Saunders' civil rights, justifying an award of punitive damages.

80.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

E-FILED  2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

a.  Deprivation of his constitutional rights;

b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.  Actual and Compensatory Damages;

d.  Punitive damages;

e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

c.  Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d.  Injunctive relief enjoining Defendants from committing further constitutional violations;

e.  Punitive damages; and

f.  Any other relief the Court deems just and equitable.

### COUNT 2
### UNREASONABLE SEARCH & SEIZURE
### CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION
### (Against Defendants Thies and Dee, Individually)

81.    Plaintiff repleads paragraphs 1 through 80 as if fully set forth herein.

82.    This Count is alleged against Defendants in their individual capacities.

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

83.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

84.    On July 8, 2018, Defendants violated Mr. Saunders' clearly established Iowa constitutional rights by stopping Mr. Saunders' vehicle; seizing Mr. Saunders; and searching Mr. Saunders and his vehicle without reasonable suspicion or probable cause to do so.

85.    Defendants demonstrated a deliberate indifference to and reckless disregard of Mr. Saunders' civil and constitutional rights.

86.    Defendants' actions were willful, wanton, unlawful, and in gross disregard of Mr. Saunders' civil rights, justifying an award of punitive damages.

87.    Mr. Saunders hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

88.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

   a.  Deprivation of his constitutional rights;

   b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c.  Actual and Compensatory Damages;

   d.  Punitive damages;

   e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

      f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

      a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

      b.   Compensation for violation of his constitutional rights, mental anguish, and humiliation;

      c.   Plaintiff's cost in this action, including reasonable attorney's fees and costs;

      d.   Injunctive relief enjoining Defendants from committing further constitutional violations;

      e.   Punitive damages; and

      f.   Any other relief the Court deems just and equitable.

**COUNT 3**
**UNREASONABLE EXTENSION OF STOP**
**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983**
**VIOLATION OF 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(Against Defendants Thies and Dee, Individually)**

89.    Plaintiff repleads paragraphs 1 through 88 as if fully set forth herein.

90.    Defendants Thies and Dee are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their individual capacities.

91.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

92.    On July 8, 2018, Defendants violated Mr. Saunders' clearly established federal constitutional rights by extending the vehicle stop beyond what was reasonably necessary to resolve the basis for the stop.

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

93.    Defendants demonstrated a deliberate indifference to and reckless disregard of Mr. Saunders' civil and constitutional rights.

94.    Defendants' actions were willful, wanton, unlawful, and in gross disregard of Mr. Saunders' civil rights, justifying an award of punitive damages.

95.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Actual and Compensatory Damages;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

    c.  Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    d.  Injunctive relief enjoining Defendants from committing further constitutional violations;

    e.  Punitive damages; and

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

f.    Any other relief the Court deems just and equitable.

**COUNT 4**
**UNREASONABLE EXTENSION OF STOP**
**CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION**
**(Against Defendants Thies and Dee, Individually)**

96.    Plaintiff repleads paragraphs 1 through 95 as if fully set forth herein.

97.    This Count is alleged against Defendants in their individual capacities.

98.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

99.    On July 8, 2018, Defendants violated Mr. Saunders' clearly established state constitutional rights by extending the vehicle stop beyond what was reasonably necessary to resolve the basis for the stop.

100.    Defendants demonstrated a deliberate indifference to and reckless disregard of Mr. Saunders' civil and constitutional rights.

101.    Defendants' actions were willful, wanton, unlawful, and in gross disregard of Mr. Saunders' civil rights, justifying an award of punitive damages.

102.    Mr. Saunders hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

103.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

a.    Deprivation of his constitutional rights;

b.    Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

14

E-FILED  2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

    c.  Actual and Compensatory Damages;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

    c.  Plaintiff's cost in this action, including reasonable attorney's fees and costs;

    d.  Injunctive relief enjoining Defendants from committing further constitutional violations;

    e.  Punitive damages; and

    a.  Any other relief the Court deems just and equitable.

### COUNT 5
### PRETEXTUAL STOP
### CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION
### RIGHT TO BE FREE FROM UNREASONABLE SEARCHES & SEIZURES
### (Against Defendants Thies and Dee, Individually)

104.    Plaintiff repleads paragraphs 1 through 103 as if fully set forth herein.

105.    This Count is alleged against Defendants in their individual capacities.

106.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

107.    On July 8, 2018, Defendants violated Mr. Saunders' clearly established state constitutional rights by effectuating a pretextual warrantless automobile stop.

108.    Defendants demonstrated a deliberate indifference to and reckless disregard of Mr. Saunders' civil and constitutional rights.

109.    Defendants' actions were willful, wanton, unlawful, and in gross disregard of Mr. Saunders' civil rights, justifying an award of punitive damages.

110.    Mr. Saunders hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

111.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

a.   Deprivation of his constitutional rights;

b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.   Actual and Compensatory Damages;

d.   Punitive damages;

e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

c.  Plaintiff's cost in this action, including reasonable attorney's fees and costs;

d.  Injunctive relief enjoining Defendants from committing further constitutional violations;

e.  Punitive damages; and

f.  Any other relief the Court deems just and equitable.

**COUNT 6**
**RACIALLY BIASED POLICING**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983**
**VIOLATION OF 14th AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(Against Defendants Thies and Dee, Individually)**

112.    Plaintiff repleads paragraphs 1 through 111 as if fully set forth herein.

113.    Defendants Thies and Dee are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their individual capacities.

114.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

115.    The actions and omissions of Defendants were undertaken with the intent to discriminate against Plaintiff on account of his race and the color of his skin, denying Plaintiff his Fourteenth Amendment right to equal protection under the law.

116.    Defendants singled Mr. Saunders out for harassment and treated him differently from other similarly situated persons.

117.    Defendants' differential treatment of Mr. Saunders was intentional, willful, malicious, arbitrary, irrational, motivated by ill-will and racial bias, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights.

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

118.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

   a. Deprivation of his constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Actual and Compensatory Damages;

   d. Punitive damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

   **WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

   a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

   b. Compensation for violation of his constitutional rights, mental anguish, and humiliation;

   c. Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

   d. Injunctive relief enjoining Defendants from committing further constitutional violations;

   e. Punitive damages; and

   f. Any other relief the Court deems just and equitable.

### COUNT 7
### RACIALLY BIASED POLICING
### CIVIL RIGHTS VIOLATION OF ARTICLE I, § 6 OF THE IOWA CONSTITUTION
### (Against Defendants Thies and Dee, Individually)

119.    Plaintiff repleads paragraphs 1 through 118 as if fully set forth herein.

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

120.    This Count is alleged against Defendants in their individual capacities.

121.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

122.    The actions and omissions of Defendants were undertaken with the intent to discriminate against Plaintiff on account of his race and the color of his skin, denying Plaintiff his Article I, § 6 right to equal protection under the law.

123.    Defendants singled Plaintiff out for harassment and treated him differently from other similarly situated persons.

124.    Defendants' differential treatment of Plaintiff was intentional, willful, malicious, arbitrary, irrational, motivated by ill-will and racial bias, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights.

125.    Mr. Saunders hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

126.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

     a.  Deprivation of his constitutional rights;

     b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

     c.  Actual and Compensatory Damages;

     d.  Punitive damages;

E-FILED  2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

    c.  Plaintiff's cost in this action, including reasonable attorney's fees and costs;

    d.  Injunctive relief enjoining Defendants from committing further constitutional violations;

    e.  Punitive damages; and

    f.  Any other relief the Court deems just and equitable.

## COUNT 8
## CONSPIRACY
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C §§ 1983 and 1985
## VIOLATION OF 4th, 5th & 14th AMENDMENTS TO
## THE UNITED STATES CONSTITUTION
## (Against Defendants Thies and Dee, Individually)

127.    Plaintiff repleads paragraphs 1 through 126 as if fully set forth herein.

128.    Defendants Thies and Dee are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their individual capacities.

129.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

130.    Defendants Thies and Dee reached an agreement among themselves to deprive Mr. Saunders of his constitutional rights.

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

131.   In furtherance of the conspiracy, each of the coconspirators committed overt acts and was an otherwise willful participant in joint activity.

132.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

133.   As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

    a.   Deprivation of his constitutional rights;

    b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.   Actual and Compensatory Damages;

    d.   Punitive damages;

    e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.   Compensation for violation of his constitutional rights, mental anguish, and humiliation;

    c.   Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    d.   Injunctive relief enjoining Defendants from committing further constitutional violations;

    e.   Punitive damages; and

    f.   Any other relief the Court deems just and equitable.

## COUNT 9
## CONSPIRACY
## CIVIL RIGHTS VIOLATION OF ARTICLE I, §§ 6 & 8 OF THE IOWA CONSTITUTION
## (Against Defendants Thies and Dee, Individually)

134.    Plaintiff repleads paragraphs 1 through 133 as if fully set forth herein.

135.    This Count is alleged against Defendants in their individual capacities.

136.    At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Des Moines, Iowa Police Department.

137.    Defendants Thies and Dee reached an agreement among themselves to deprive Mr. Saunders of his constitutional rights.

138.    In furtherance of the conspiracy, each of the coconspirators committed overt acts and was an otherwise willful participant in joint activity.

139.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

140.    Mr. Saunders hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

141.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

    a.   Deprivation of his constitutional rights;

    b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.   Actual and Compensatory Damages;

Case 4:19-cv-00191-RGE-HCA   Document 1-2   Filed 06/26/19   Page 23 of 30
E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

    c.  Plaintiff's cost in this action, including reasonable attorney's fees and costs;

    d.  Injunctive relief enjoining Defendants from committing further constitutional violations;

    e.  Punitive damages; and

    f.  Any other relief the Court deems just and equitable.

## COUNT 10
## DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
## VIOLATION OF 4th, 5th & 14th AMENDMENTS TO
## THE UNITED STATES CONSTITUTION
## (Against Defendants Wingert, Individually, and City of Des Moines, Iowa)

142.    Plaintiff repleads paragraphs 1 through 141 as if fully set forth herein.

143.    Defendants Wingert and City of Des Moines, Iowa are persons for the purposes of a Section 1983 action for damages.

144.    At all times material hereto, Defendant Wingert's actions and/or omissions were made under the color of authority as the Chief of Police and this Count is made against him in his individual capacity.

23

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

145.    Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for traffic stops, detention of citizens, interrogations, vehicle searches, citizen searches, documentation of citizen/police interactions, and racially-neutral enforcement.

146.    Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

147.    As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his deputies.

148.    Defendants violated Mr. Saunders' federal constitutional rights by:

   a.  permitting City of Des Moines police officers to violate the constitutional rights of citizens;

   b.  ratifying and approving the unlawful stopping, seizure, detaining and searching of citizens;

   c.  failing to enforce policies and implement policies preventing the unlawful stopping, seizure, detaining and searching of citizens;

   d.  failing to properly review citizen complaints against City of Des Moines police officers;

   e.  tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

   f.  failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

   g.  failing to monitor and address racially-disproportionate actions taken by City of Des Moines police officers;

   h.  failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

   i.  failing to take adequate disciplinary measures against City of Des Moines police officers who violate the civil rights of citizens;

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

j.   failing to train and/or supervise properly Defendants Thies and Dee in the constitutional requirements for the stopping, seizing, detaining, and searching of citizens;

k.   failing to conduct sufficient training or supervision with respect to the rights of citizens to be free from race-based policing; and

l.   failing to implement adequate maintenance training and properly focused maintenance training.

149.   Defendants policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

150.   The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

151.   Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

152.   Defendants failure to train and supervise Defendants Thies and Dee caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives

153.   As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

a.   Deprivation of his constitutional rights;

b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.   Actual and Compensatory Damages;

    d.   Punitive damages;

    e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.   Compensation for violation of his constitutional rights, mental anguish, and humiliation;

    c.   Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    d.   Injunctive relief enjoining Defendants from committing further constitutional violations;

    e.   Punitive damages; and

    f.   Any other relief the Court deems just and equitable.

**COUNT 11**
**DELIBERATELY INDIFFERENT POLICIES, PRACTICES,**
**CUSTOMS, TRAINING AND SUPERVISION**
**CIVIL RIGHTS VIOLATION PURSUANT TO**
**ARTICLE I, §§ 6 & 8 OF THE IOWA CONSTITUTION**
**(Against Defendants Wingert, Individually, and City of Des Moines, Iowa)**

154.    Plaintiff repleads paragraphs 1 through 153 as if fully set forth herein.

155.    At all times material hereto, Defendant Wingert's actions and/or omissions were made under the color of authority as the Chief of Police and this Count is made against him in his individual capacity.

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

156.    Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for traffic stops, detention of citizens, interrogations, vehicle searches, citizen searches, documentation of citizen/police interactions, and racially-neutral enforcement.

157.    Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

158.    As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his deputies.

159.    Defendants violated Plaintiff's federal constitutional rights by:

a.  permitting City of Des Moines police officers to violate the constitutional rights of citizens;

b.  ratifying and approving the unlawful stopping, seizure, detaining and searching of citizens;

c.  failing to enforce policies and implement policies preventing the unlawful stopping, seizure, detaining and searching of citizens;

d.  failing to properly review citizen complaints against City of Des Moines police officers;

e.  tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

f.  failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

g.  failing to monitor and address racially-disproportionate actions taken by City of Des Moines police officers;

h.  failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

i.  failing to take adequate disciplinary measures against City of Des Moines police officers who violate the civil rights of citizens;

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

j.    failing to train and/or supervise properly Defendants Thies and Dee in the constitutional requirements for the stopping, seizing, detaining, and searching of citizens;

k.    failing to conduct sufficient training or supervision with respect to the rights of citizens to be free from race-based policing; and

l.    failing to implement adequate maintenance training and properly focused maintenance training.

160.    Defendants' policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

161.    The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

162.    Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

163.    Defendants failure to train and supervise Defendants Thies and Dee caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

164.    Mr. Saunders hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

165.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Saunders was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

E-FILED  2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

a.  Deprivation of his constitutional rights;

b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.  Actual and Compensatory Damages;

d.  Punitive damages;

e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.  Compensation for violation of his constitutional rights, mental anguish, and humiliation;

c.  Plaintiff's cost in this action, including reasonable attorney's fees and costs;

d.  Injunctive relief enjoining Defendants from committing further constitutional violations;

e.  Punitive damages; and

f.  Any other relief the Court deems just and equitable.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury in this matter on all counts to which he is entitled to a jury.

**PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN & BERGMANN, L.L.P.**

By:  _/s/ Gina Messamer_
    Gina Messamer          AT0011823
    2910 Grand Avenue
    Des Moines, Iowa 50312

E-FILED 2019 JUN 03 3:03 PM POLK - CLERK OF DISTRICT COURT

Telephone: (515) 284-5737
Facsimile: (515) 284-1704
Email: gmessamer@parrishlaw.com
**ATTORNEY FOR PLAINTIFF**

**Electronically Filed.**