IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| COURTNEY SAUNDERS,<br><br>    Plaintiff,<br><br>v.<br><br>KYLE THIES, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; CLINT DEE, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; DANA WINGERT, individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department; CITY OF DES MOINES, IOWA,<br><br>    Defendants. | Case No. 4:19-cv-191<br><br>**ANSWER, APPEARANCE OF GARY D. GOUDELOCK JR & JURY DEMAND ON BEHALF OF KYLE THIES** |

    COMES NOW, Kyle Thies, by and through his undersigned counsel, Gary D. Goudelock, Jr., who hereby enters his Appearance on behalf of Kyle Thies, and for his Answer to Plaintiff's Complaint respectfully states to this court as follows:

    1. Deny for lack of information sufficient to form a belief.

    2. Admit

    3. Deny for lack of information sufficient to form a belief.

    4. Deny for lack of information sufficient to form a belief.

    5. Deny for lack of information sufficient to form a belief.

    6. Admit

    7. Admit.

    8. Admit Plaintiff alleges damages in excess of small claims limit.

9. Admit that the acts alleged in the Petition allegedly occurred in Polk County, but deny that such facts as alleged constitute a cause of action or that they occurred in the manner described in the Petition.

10. Admit.

11. Admit.

12. Admit

13. Admit.

14. Admit that Officer Thies was driving his vehicle in the same direction of traffic as Mr. Saunders' vehicle at the time and location noted but deny remaining allegations.

15. Admit.

16. Deny for lack of information sufficient to form a belief.

17. Deny.

18. Because no dates or time frames are alleged anywhere in this paragraph, Defendant does not know when this phrase was allegedly spoken and must, accordingly deny this paragraph for lack of information sufficient to form a belief.

19. Admit.

20. Deny for lack of information sufficient to form a belief.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Deny for lack of information sufficient to form a belief.

26. Deny.

27. Deny.

28. Admit.

29. Admit.

30. Deny.

31. Deny.

32. Admit.

33. Deny for lack of information sufficient to form a belief.

34. Admit.

35. Admit.

36. Admit.

37. Admit that this occurred but deny any casual connection between Plaintiff notifying Officer Thies of the gun under his seat and Officer Thies asking Plaintiff if he had been drinking.

38. Deny.

39. Admit.

40. Deny for lack of information sufficient to form a belief.

41. Admit Officer Thies confirmed Mr. Saunders' information.  Deny remaining allegations.

42. Admit.

43. Deny.

44. Deny because of the word "instead" which implies a false dichotomy.

45. Admit and affirmatively state that consent to the search was not required based upon circumstances as of the time of the search.

46. Deny.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit.

53. The Court's Order speaks for itself and its relevance and admissibility in this case will be limited in accordance with applicable authority and the Federal Rules of Evidence.

54. The Court's Order speaks for itself and its relevance and admissibility in this case will be limited in accordance with applicable authority and the Federal Rules of Evidence.

55. The Court's Order speaks for itself and its relevance and admissibility in this case will be limited in accordance with applicable authority and the Federal Rules of Evidence.

56. The Court's Order speaks for itself and its relevance and admissibility in this case will be limited in accordance with applicable authority and the Federal Rules of Evidence.

57. The Court's Order speaks for itself and its relevance and admissibility in this case will be limited in accordance with applicable authority and the Federal Rules of Evidence.

58. The Court's Order speaks for itself and its relevance and admissibility in this case will be limited in accordance with applicable authority and the Federal Rules of Evidence.

59. Deny for lack of information sufficient to form a belief.

60. Deny for lack of information sufficient to form a belief.

61. Deny for lack of information sufficient to form a belief.

62. Deny for lack of information sufficient to form a belief.

63. Deny for lack of information sufficient to form a belief.

64. Deny for lack of information sufficient to form a belief.

65. Deny for lack of information sufficient to form a belief.

66. Deny for lack of information sufficient to form a belief.

67. Deny for lack of information sufficient to form a belief.

68. Deny for lack of information sufficient to form a belief.

69. Deny.

70. Deny.

71. Deny.

72. Deny for lack of information sufficient to form a belief.

73. Deny for lack of information sufficient to form a belief.

74. Defendant restates his responses to Paragraphs 1-73 as though fully set forth herein.

75. Admit.

76. Admit.

77. Deny.

78. Deny.

79. Deny.

80. Defendant denies Paragraph 80 and each and every subpart thereof.

81. Defendant restates his responses to Paragraphs 1-80 as though fully set forth herein.

82. Admit.

83. Admit.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Defendant denies Paragraph 88 and each and every subpart thereof.

89. Defendant restates his responses to Paragraphs 1-88 as though fully set forth herein.

90. Admit.

91. Admit.

92. Deny.

93. Deny.

94. Deny.

95. Defendant denies Paragraph 95 and each and every subpart thereof.

96. Defendant restates his responses to Paragraphs 1-95 as though fully set forth herein.

97. Admit.

98. Admit.

99. Deny.

100. Deny.

101. Deny.

102. Deny.

103. Defendant denies Paragraph 103 and each and every subpart thereof.

104. Defendant restates his responses to Paragraphs 1-103 as though fully set forth herein.

105. Admit.

106. Admit.

107. Deny.

108. Deny.

109. Deny.

110. Deny.

111. Defendant denies Paragraphs 111 and each and every subpart thereof.

112. Defendant restates his responses to Paragraphs 1-111 as though fully set forth herein.

113. Admit.

114. Admit.

115. Deny.

116. Deny.

117. Deny.

118. Defendant denies Paragraph 118 and each and every subpart thereof.

119. Defendant restates his responses to Paragraphs 1-118 as though fully set forth herein.

120. Admit.

121. Admit.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Defendant denies Paragraph 126 and each and every subpart thereof.

127. Defendant restates his responses to Paragraphs 1-126 as though fully set forth herein.

128. Admit.

129. Admit.

130. Deny.

131. Deny.

132. Deny.

133. Defendant denies Paragraphs 133 and each and every subpart thereof.

134. Defendant restates his responses to Paragraphs 1-133 as though fully set forth herein.

135. Admit.

136. Admit.

137. Deny.

138. Deny.

139. Deny.

140. Deny.

141. Defendant denies Paragraph 141 and each and every subpart thereof.

142. Defendant restates his responses to Paragraphs 1-141 as though fully set forth herein.

143. Defendant makes no response to Paragraphs 143-153 because they make no allegations against this defendant. To the extent any response is required, such allegation is denied.

154. Defendant restates his responses to Paragraphs 1-153 as though fully set forth herein.

155. Defendant makes no response to Paragraphs 155-165 because they make no allegations against this defendant. To the extent any response is required, such allegation is denied.

### AFFIRMATIVE DEFENSES

COMES NOW, Defendant, Kyle Thies, by and through his undersigned counsel and asserts the following affirmative defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and the same should therefore be dismissed pursuant to the Federal Rules of Civil Procedure.

2. Officer Thies is immune for tort liability for all of Plaintiffs' claims based upon one or more subsections of Iowa Code § 670.4.

3. Officer Thies is entitled to qualified immunity for all claims alleged against him.

4. Officer Thies had reasonable suspicion to believe Plaintiff was engaged in unlawful activity or activity that warranted further investigation at the time of his interactions with Plaintiff.

5. Officer Thies reserves the right to supplement or amend these affirmative defenses as discovery continues in this matter.

## JURY DEMAND

COMES NOW, Defendant, Kyle Thies, and hereby demands a trial by jury on all matters to which he is entitled by law.

Respectfully submitted,

_____
Gary D. Goudelock, Jr. AT0002967
Whitfield and Eddy Law
699 Walnut Street, Suite 2000
Des Moines, IA  50309
goudelock@whitfieldlaw.com
Phone: (515) 288-6041
Fax:    (515) 246-1474

ATTORNEY FOR DEFENDANT KYLE THIES

Original E-filed.

Copy to:

Gina Messamer
2910 Grand Avenue
Des Moines, Iowa 50312
(515)284-5737
F: (515)2841704
gmessamer@parrishlaw.com
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 30, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will deliver notification and an electronic copy of the same to the recipients indicated on the CM/ECF service list pursuant to Federal Rule of Civil Procedure 5(b).

/s/ Julie Sander