# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| COURTNEY SAUNDERS, | |
| Plaintiff, | No. 4:19-cv-00191-JAJ-HCA |
| vs. | **OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO RECONSIDER** |
| KYLE THIES, CLINT DEE, DANA WINGERT, and the CITY OF DES MOINES, IOWA, | |
| Defendants. | |

___

This case is before the court on plaintiff Saunders's September 14, 2020, Motion To Reconsider Order Granting Summary Judgment On Equal Protection Claims And Denying Motion To Certify Questions [Dkt. No. 48]. Defendant Thies filed a Resistance [Dkt. No. 49] on September 28, 2020, and Saunders filed his Reply [Dkt. No. 50] on September 29, 2020. For the reasons stated below, plaintiff Saunders's September 14, 2020, Motion To Reconsider is **DENIED**.

Saunders argues that summary judgment on his equal protection claims was improperly based on an issue the court raised *sua sponte*, and got wrong, concerning the officers' knowledge of his race. He also asserts that the court improperly required him to show that the officers investigated him *solely* because of his race and applied an "unachievable level of specificity" to his showing of similarly-situated persons. Saunders argues that his Iowa equal protection claim should survive summary judgment, even if his federal claim does not, because the Iowa standard is likely more lenient. Finally, he argues that, if the court corrects its errors as to the state law claim, it should certify his proposed questions to the Iowa Supreme Court.

As the Eighth Circuit Court of Appeals has explained,

> A district court has wide discretion over whether to grant a motion for reconsideration of a prior order, *In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d 987, 993 (8th Cir. 2006),

> and "we will reverse a denial of a motion for reconsideration only for a clear abuse of discretion." *Paris Limousine of Okla., LLC v. Exec. Coach Builders, Inc*., 867 F.3d 871, 873 (8th Cir. 2017). "An abuse of discretion will only be found if the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996).

*SPV-LS, LLC v. Transamerica Life Ins. Co*., 912 F.3d 1106, 1111 (8th Cir. 2019). The court concludes that it did not commit any error requiring it to set aside summary judgment on Saunders's equal protection claims.

First, at summary judgment, "[w]here the nonmoving party will bear the burden of proof at trial on an essential element, the nonmoving party must put forward sufficient facts showing that there is a genuine issue for trial." *UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co*., 870 F.3d 856, 861 (8th Cir. 2017). Furthermore, under the local rules for summary judgment motions, the non-movant must provide a statement of additional material facts that the resisting party contends precludes summary judgment. LR 56(b)(3). Here, as the non-movant, Saunders would bear the burden of proof at trial on the essential element of his equal protection claims that the officers knew his race before they stopped him. *In his statement of facts*, Saunders did not allege or point to any evidence from which a reasonable juror could infer that the officers knew he was African-American at the time they started following him or before they approached his vehicle on foot. *In his supporting brief*, Saunders pointed to evidence that the defendants made eye contact with him before they started to follow him, but that did not provide the defendants with the proper opportunity to dispute the fact and, moreover, his citation to the defendants' Appendix at 124 did not support that factual assertion.

The court's second ground for summary judgment on Saunders's equal protection claims—which, like the first, would stand alone—relied on circuit law that, "in the context of a police interaction, [the plaintiff] must prove that the officer exercised his discretion to enforce a law *solely* on the basis of race." *Clark v. Clark*, 926 F.3d 972, 980 (8th Cir.) (emphasis added), *cert. denied*, 140 S. Ct. 628 (2019); Order [Dkt. No. 44], 32-33. The court also applied the standard properly by requiring Saunders to demonstrate that persons

similarly-situated in all relevant respects, but not of his race, were not stopped or arrested. *Id.*; *Gilani v. Matthews*, 843 F.3d 342, 348 (8th Cir. 2016); Order at 33. Although Saunders reiterates that this standard is incorrect or unfair, the court was not free to disregard controlling law. The court reiterates that the parties had not suggested that an equal protection violation of the Iowa Constitution based on racially biased policing would *necessarily* be analyzed any differently than an analogous federal claim. *See* Order at 34. The court considered and rejected Saunders's contention that the Iowa Constitution provides greater protections against discrimination than the federal Constitution does, because Saunders admitted that there is no clear Iowa legal precedent on an equal protection claim under the Iowa Constitution. *Id.*

Based on these conclusions, the court need not revisit its decision not to certify questions to the Iowa Supreme Court.

Upon the foregoing,

**IT IS ORDERED** that plaintiff Saunders's September 14, 2020, Motion To Reconsider Order Granting Summary Judgment On Equal Protection Claims And Denying Motion To Certify Questions [Dkt. No. 48] is **denied**.

**DATED** this 6th day of October, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA