**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| COURTNEY SAUNDERS, | |
| Plaintiff, | No. 4:19-cv-00191-JAJ-HCA |
| vs. | **ORDER REMANDING CASE TO STATE COURT PURSUANT TO 28 U.S.C. § 1367(c)** |
| KYLE THIES, CLINT DEE, DANA WINGERT, and the CITY OF DES MOINES, IOWA, | |
| Defendants. | |

_____

By Order [Dkt. No. 61], filed May 6, 2021, this court directed the parties to file responses to the court's intention to remand this case to state court *sua sponte* pursuant to 28 U.S.C. § 1367(c).  On May 17, 2021, plaintiff Saunders filed his Response Re: Remand & Renewal Of Motion To Reconsider Grant Of Summary Judgment On Count 7 [Dkt. No. 63], and the defendants filed a joint Brief Regarding Court's Order Regarding Remand On Behalf Of Defendants [Dkt. No. 64].  The court has reviewed the parties' responses and reiterates and makes final its tentative conclusion that this action should be remanded to state court pursuant to 28 U.S.C. § 1367(c).

In his Response, Saunders states that, if the court remands Count 4 and Count 9 to state court (his remaining claims for "Unreasonable Extension Of Stop:  Civil Rights Violation Of Article I, § 8 Of The Iowa Constitution" and "Conspiracy:  Civil Rights Violation Of Article I, §§ 6 & 8 Of The Iowa Constitution," respectively), the court should vacate its dismissal of Count 7 (his claim for "Racially Biased Policing:  Civil Rights Violation Of Article I, § 6 Of The Iowa Constitution," *i.e.*, his state law Equal Protection claim) and remand all three claims to state court.  Saunders argues doing so would allow the Iowa state court system to review all his state law claims together.  He also represents

that, if Count 7 is not remanded, he intends to appeal the denial of his Motion to Certify, which will result in a lengthy extension of this case and the unnecessary involvement of the federal court.

The court has considerable doubt that it is proper for Saunders to seize upon the court's notice of its intent to remand the case to state court as an opportunity to seek further reconsideration of prior rulings granting summary judgment to the defendants on Count 7 of his Complaint and denying his request to certify questions related to that claim to the Iowa Supreme Court, where the court has already denied motions to reconsider those rulings. If it is proper, however, the court is not persuaded by Saunders's new arguments for further reconsideration and retaining jurisdiction.

Saunders likens the situation, here, to that in *McKesson v. Doe*, 141 S. Ct. 48 (2020) (per curiam), which was decided after this court granted summary judgment on Count 7, denied Saunders's motion to certify questions, and denied Saunders's motion to reconsider those rulings. In *McKesson*, the United States Supreme Court reversed a district court's decision not to certify an issue to the state supreme court, because "the Fifth Circuit's interpretation of state law is too uncertain a premise on which to address the question presented." 141 S. Ct. at 50. As the Court explained, the plaintiff, a local police officer, was injured during a protest organized by McKesson and sued McKesson for damages on the theory that he negligently staged the protest in a manner that caused the assault. The district court, however, dismissed the negligence claim as barred by the First Amendment. *Id*. at 48. The Court found "exceptional" circumstances warranting certification of two questions of state law to the Louisiana Supreme Court before the federal court addressed the constitutional questions: "(1) whether Mckesson could have breached a duty of care in organizing and leading the protest and (2) whether Officer Doe has alleged a particular risk within the scope of protection afforded by the duty, provided one exists." *Id*. at 51. The Court gave two reasons for its conclusion that certification of these questions was appropriate: "First, the dispute presents novel issues of state law peculiarly calling for the

exercise of judgment by the state courts"; and "[s]econd, certification would ensure that any conflict in this case between state law and the First Amendment is not purely hypothetical." *Id.*

Unlike the situation in *McKesson*, where there was a potential conflict between state law and the federal constitution, in this case, the ground for summary judgment on Count 7 is not implicated by unsettled questions of state law addressed by Saunders's proposed certified questions.[1]  This is so, because whatever the standards for the claim under Iowa law might be, proof of the officers' knowledge of the plaintiff's race must necessarily be one requirement.  *See* Order [Dkt. No. 44], 40-41.  At summary judgment, Saunders failed to present properly any evidence that the officers knew his race before they stopped him.  *See* Order [Dkt. No. 51], 2.  Thus, Saunders has not shown that certification of his questions would ensure that any conflict between state law and the Fourth Amendment is not purely hypothetical, *see McKesson*, 41 U.S. at 51 (stating standards for certification of questions), nor has he demonstrated that this court's prior rulings were "based on clearly erroneous factual findings or erroneous legal conclusions."  *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) (internal quotation marks and citation omitted) (stating standards for reconsideration).  Saunders also makes no explicit argument about why the court should not remand the case pursuant to § 1367(c), although he appears to suggest that the court should retain jurisdiction to certify questions to the Iowa Supreme

---

[1] The two questions that Saunders asked this court to certify to the Iowa Supreme Court are the following:

> 1.      What are the standards for a racially-biased policing claim under the Iowa Equal Protection Clause?

> 2.      When there is evidence showing that an officer pretextually engaged the plaintiff after considering his race, and that the officer has a pattern of illegally stopping others of the same race, must a plaintiff bringing a racially-biased policing claim under the Iowa Equal Protection Clause also produce evidence showing that similarly situated individuals of a different race were not treated the same?

Court or he may be barred from presenting key questions about his Iowa Equal Protection claim to the Iowa courts.  It is not the federal court's duty to retain jurisdiction to allow a litigant to pursue a claim through the litigant's favored channels where the claim is fundamentally flawed in the first place.

Turning to the defendants' response, the defendants rely on *Hansen v. Sioux By-Products*, 988 F. Supp. 1255 (N.D. Iowa 1997), in which then-District Judge Mark Bennet held that a federal district court has discretion under § 1367(c) either to retain jurisdiction or to remand remaining claims to state court.  988 F. Supp. at 1262.  Judge Bennett then observed that several factors should be considered, including convenience, fairness, and comity, and whether the federal court had invested substantial time and resources in the case. *Id*. at 1267.  They also point out that, in *Beyer v. Firstar Bank N.A*., No. 4:04-CV-90152, 2005 WL 8157874 (S.D. Iowa Mar. 9, 2005), then-District Judge Robert Pratt relied on the fact that "it [wa]s virtually certain that the state court would be unable to provide the parties with a comparable trial date in this matter to permit the expedient resolution of this case for the benefit of both parties."  2005 WL 8157874, at *2.  Therefore, the defendants argue that this court should retain jurisdiction because this case has received substantial time investment from this court, the parties have prepared this case for trial in this court, and the parties are unlikely to receive an earlier trial date in state court than they would in this court.  They ask that the court reset the case for trial at the court's next availability after the currently-scheduled trial date.

This court has no quibble with the factors considered by either Judge Bennett or Judge Pratt.  However, neither decision arose in the unique circumstances presented by the covid-19 pandemic.  Furthermore, there is no current trial date, where this court will be unable to reach this case for trial on June 21, 2021, or within a reasonable time thereafter, because of the press of criminal trials that were also postponed by the covid-19 pandemic and additional criminal trials, all with speedy trial issues.  It is also now quite clear that whether to retain jurisdiction or remand when all claims within the court's original

jurisdiction have been dismissed is "purely discretionary" and will be "rarely overturn[ed]." *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021). Indeed, "[i]n the 'usual case' where all federal claims are dismissed on a motion for summary judgment, 'the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Where those factors point to remand in the "usual case," they point all the more strongly that direction in the unusual circumstances presented, here.  Finally, where the court has the discretion to remand a case *sua sponte*, *see Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006), it has the discretion to do so over the parties' objections.

Upon the foregoing,

**IT IS ORDERED** that this case is *remanded* to the Iowa District Court for Polk County pursuant to 28 U.S.C. § 1367(c).

**DATED** this 24th day of May, 2021.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA